UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-000073-BJB-HBB

**CLETUS OPPONG**                                                                                          **PLAINTIFF**

**VS.**

**OWENSBORO HEALTH MEDICAL GROUP, INC.**                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Cletus K. Oppong, M.D.'s motion to modify the scheduling order to extend the time for discovery and disclosure of expert witnesses (DN 105). Defendant Owensboro Health Medical Group, Inc., has filed a Response in opposition at DN 106 and incorporated its own motion that Plaintiff's recently served written discovery requests be quashed. Oppong filed a Response to Owensboro Health's motion and Reply regarding his own motion at DN 107. Pursuant to the scheduling order at DN 90 the deadline for fact discovery was September 30, 2025, and Oppong's deadline for expert witness disclosure is October 31, 2025.

### Oppong's Motion

Oppong's motion asks that the scheduling order be amended to extend the discovery and expert witness deadlines by forty-five days (DN 105). He notes that both he and Owensboro Health served additional written discovery requests on each other on September 30, 2025—the deadline for discovery under the current scheduling order (*Id.* at p. 2). As justification for the extension request, Oppong states:

> [I]n the course of conducting depositions of Defendant's employees, Plaintiff discovered that Defendant had not been fully forthcoming with respect to Answers

> to Interrogatories and Requests for Production. As a consequence of this belated discovery of evasiveness by Defendant, Plaintiff has been forced to revisit discovery. Plaintiff cannot adequately prepare expert reports until discovery is complete.

(*Id.*).

## Owensboro Health's Response and Motion

Owensboro Health asserts that Oppong has not demonstrated good cause to extend the schedule, as he has had ample time to conduct discovery (DN 106). It observes that Oppong served initial Interrogatories and Requests for Production of Documents in September 2023, and served amended interrogatories and document requests in July 2024, to which Owensboro Health states it responded fully (*Id.* at p. 2). Owensboro Health asserts that, contrary to Oppong's contention that discovery responses were incomplete or witnesses evasive during depositions, Oppong never requested that it supplement its discovery responses, even though the depositions of eight defense witness were taken over a month prior to the discovery deadline (*Id.*). Owensboro Health notes that the written discovery requests now in question are comprised of twenty requests for production and thirty requests for admission, which were served eighteen minutes before the discovery deadline expired (*Id.*). It states that, during the prior two years the case has been pending, Oppong never before served any requests for admission, and characterizes the requests for production as duplicitous of prior requests to which Owensboro Health has already responded (*Id.*).

Owensboro Health notes further that, in addition to requesting by letter that Oppong supplement prior discovery responses that were discussed during his deposition, Owensboro Health also served two additional requests for production of documents related to Oppong's mitigation of damages (*Id.* at p. 3). Owensboro Health recognizes that the additional requests were not submitted in accordance with the scheduling order and offers to withdraw the requests (*Id.*).

Oppong's Response and Reply

Oppong states that he has been diligent in pursuing discovery in the case, but "[d]uring eight depositions of Defendant's witnesses in August 2025, new and material evidence came to light, including undisclosed internal investigations involving Plaintiff and prior discrimination lawsuits against Defendant" (DN 107, p. 2). As a result, he asserts that he "promptly served narrowly tailored follow-up discovery requests" on the final day of discovery (*Id.*), which he characterizes as "the earliest practicable date before the discovery period expired" (*Id.* at p. 3). He notes further that Owensboro Health likewise submitted its own written discovery requests, thereby demonstrating that the parties considered discovery to be ongoing (*Id.*).

Discussion

Courts have broad discretion under the Federal Rules of Civil Procedure to manage the discovery process and control their dockets. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Fed. R. Civ. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

However, the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. *Id.* at 478-79. Thus, a movant who fails to show diligence will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. *Interstate Packaging*

*Co. v. Century Indem. Co.*, 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)); *see Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010)). Expressed another way, a court may modify a scheduling order for good cause only if a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Leary*, 349 F.3d at 906 (citation omitted). Thus, a movant must show that despite his diligence the original deadline in the scheduling order could not have reasonably been met. *Woodcock v. Ky. Dep't of Corr.*, No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, at *3 (W.D. Ky. July 6, 2016).

Where the request to amend the scheduling order is directed to an extension of time for discovery, the Court employs an additional layer of inquiry as to whether the requesting party has demonstrated good cause. Courts within the Sixth Circuit apply the factors established by *Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472 (6th Cir. 2010) in evaluating motions to extend discovery. *7D Holdings, LLC v. Jawk Holdings LLC*, No. 1:24-CV-00033-GNS-HBB, 2025 U.S. Dist. LEXIS 81007, at *6 (W.D. Ky. April 29, 2025) (collecting cases). *Dowling* sets out five elements for consideration:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [i.e., the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Dowling*, 593 F.3d at 478.

1. When Oppong learned of the issue that is the subject of discovery.

Oppong contends that it was not until he conducted discovery depositions in August 2025 that he learned about the issues on which he now seeks discovery (DN 107, p. 2). Oppong filed notices of deposition in the record which indicate the depositions were conducted on August 27th, 28th, and 29th, 2025 (DN 92-98, 101-103). At that point, pursuant to the requirement of the original

4

scheduling order that any written discovery be propounded so that the responses were due before the discovery deadline,[1] almost no time remained in which to submit the discovery requests.

The discovery requests call into question the scope of information Oppong claims he only recently learned. The requests for admission he propounded on Owensboro Health do contain requests for admissions related to prior suits against Owensboro Health and its investigation of his conduct, but contrary to his assertion that the requests are narrowly tailored to inquire into newly discovered issues, the majority of the requests appear to touch on general admissions of fact and liability in accordance with his Complaint allegations (DN 107-2). Likewise, his requests for production of documents do make some requests specific to matters raised during the depositions; but, again, the substantial majority are of a general discovery nature, requesting a broad range of documents related to his claims (DN 107-3). Oppong has known about these issues for over two years and this factor weighs against him.

2. <u>How the discovery would affect the outcome of the case.</u>

Oppong indicates that he seeks information "tied to new evidence revealed during depositions, including Defendant's internal investigations involving Plaintiff and its handling of discrimination complaints" (DN 107, p. 4). Oppong does not explain, however, the import of these issues or how they impact his claims in the action. As the undersigned has observed in other rulings, this factor is routinely noted in opinions but rarely afforded significant analysis, as it is not related to the primary question of a party's diligence. To the undersigned, it appears to be an equitable component intended to weed-out irrelevant or marginally relevant additional desired discovery. *7D Holdings, LLC v. Jawk Holdings LLC*, No. 1:24-CV-00033-GNS-HBB, 2025 U.S. Dist. LEXIS 34478, at *5 (W.D. Ky. Feb. 26, 2025); *Mercer v. Wal-Mart Stores, Ltd. P'ship*, No.

---

[1] "All written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline" (DN 20, p. 2).

4:23-CV-00119-RGJ-HBB, 2024 U.S. Dist. LEXIS 97056, at *7-8 (W.D. Ky. May 31, 2024). Oppong's pleadings provide no insight on this factor and it thus weighs against him.

    3.   <u>The length of the discovery period.</u>

The initial scheduling order was entered on August 23, 2023, established a deadline for fact discovery by April 30, 2024 (DN 20, p. 2). The Court subsequently entered agreed amendments to the schedule tendered by the parties as follows:

- March 27, 2024, extending the fact discovery deadline to July 31, 2024 (DN 55, p. 1).
- July 15, 2024, extending the discovery deadline to September 30, 2024 (DN 66, p. 1).
- October 3, 2024, extending the discovery deadline to December 31, 2024 (DN 71, p. 1).
- March 27, 2025, extending the discovery deadline to June 30, 2025 (DN 83, p. 1).
- July 8, 2025, extending the discovery deadline to September 30, 2025. The Court observed therein that "**the schedule in this case has been amended five times. No further extensions of the deadlines will be permitted without a showing of good cause**" (DN 90, p. 1).

In sum, Oppong has been afforded over two years to conduct discovery in the case and this factor weighs against him.

    4.   <u>Whether Oppong has been dilatory.</u>

Notwithstanding that Oppong had over two years to conduct the depositions in question, he scheduled them approximately thirty days in advance of the last discovery deadline; thereby leaving himself no almost no time in which to follow up with written discovery under the limitation imposed by the original scheduling order and having been advised that no further extensions would be granted absent a showing of good cause. Oppong contends he learned new information

6

necessitating additional discovery when he conducted the depositions at the end of August 2025, but he waited an additional month before moving for more time, filing the instant motion the day after the discovery deadline expired (*See* DN 107, p. 2). This factor weighs against him.

     5.   <u>Whether Owensboro Health has been responsive to prior discovery requests.</u>

Oppong states in his motion that Owensboro Health "has not been fully forthcoming with respect to Answers to Interrogatories and Requests for Production" (DN 105, p. 2). Neither the motion nor Oppong's Response explain the nature of Owensboro Health's alleged failure to provide complete and truthful discovery responses. Owensboro Health asserts that Oppong previously served it with two sets of written discovery requests, that it responded to both and Oppong never raised any issue regarding the sufficiency of the responses (DN 106, p. 2). Owensboro Health further observes that the recently served Requests for Admission are the only ones he has ever served (*Id.*).

Oppong contends that Owensboro Health's own late-served written discovery requests demonstrate that it was "implicitly acknowledging that additional discovery would necessarily continue past the deadline" (DN 107, p. 2) and "[h]aving engaged in the same conduct, Defendant cannot credibly argue that Plaintiff's similar conduct was improper" (*Id.* at p. 3). However, as the old adage states: "two wrongs don't make a right." Just as Owensboro Health is not obligated to respond to late-filed discovery requests, Oppong is likewise under no obligation.[2]

---

[2] Owensboro Health states in its Response that it served two requests for production of documents related to Oppong's mitigation of damages (DN 106, p. 3). The Court observes that, while Oppong is not obligated to respond to this late-filed discovery request, he is nonetheless required by Fed. R. Civ. P. 26(a)(1)(A)(iii) and (e)(1)(A) to supplement his initial disclosures regarding damages and/or responses to interrogatories or requests for production of documents regarding damages if he "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . ." Fed. R. Civ. P. 26(e)(1)(A). The same holds true for Owensboro Health regarding any of its disclosures or discovery responses.

Oppong has failed to demonstrate that he could not have obtained the desired discovery during the two years discovery in the case has been pending and has failed to satisfy the *Dowling* factors so as to establish good cause to extend the discovery deadline.

**WHEREFORE**, Plaintiff's motion to extend the discovery deadline, DN 105, is **DENIED**. Defendant's motion to quash the late-served written discovery requests, DN 106, is **GRANTED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**
October 14, 2025

Copies: Counsel